Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sylena Schendel, guardian ad litem for T.S., a minor child,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Hersha Hospitality Management, L.P.,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Sylena Schendel ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Hersha Hospitality Management, L.P. ("Defendant") for unlawfully and intentionally discriminating against T.S., her daughter, because of her daughter's disability and denying T.S. equal access to the Holiday Inn & Suites located at 330 North Bayshore Boulevard in San Mateo, California, a place of lodging.

## PARTIES

1. T.S. is a natural person and under 18 years old. At all times relevant to this Complaint, T.S. is and has been considered disabled. Plaintiff is T.S.'s mother.

2. Defendant is a Pennsylvania limited partnership with its principal office in the state of Pennsylvania.

3. At all times relevant to this complaint, Defendant conducted business in the State of

California. At all relevant times, Defendant owned and/or operated and did businesses as the Holiday Inn & Suites located at 330 North Bayshore Boulevard in San Mateo, California.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.

5. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Holiday Inn & Suites is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

7. T.S. suffers from a disability, and/or medical conditions that is a disability or are disabilities.

8. T.S. symptoms limit, some substantially, her major life activities.

9. T.S. utilizes a service animal to help address the challenges resulting from the disabilities.

10. T.S.'s service animal is specifically trained to alert T.S. and others when T.S.'s heart rate is too high.

11. If not alerted and acted upon, T.S.'s disabilities can result in fainting spells (syncope) and an irregular heart rate (tachycardia). T.S.'s service animals alerts help avoid the complications associated with T.S.'s disabilities.

12. Plaintiff booked a room at the Holiday Inn & Suites located at 330 North Bayshore Boulevard in San Mateo, California for herself and T.S..

13. Plaintiff and T.S. checked in on October 8, 2022.

14. On October 5 and October 6, 2022, Plaintiff called Defendant to inquire about bringing T.S.'s service animal with them. On both calls, Defendant informed Plaintiff that she would need to pay a $75 "pet fee" because T.S. was travelling with a "pet." On the October 6, 2022 call, Plaintiff

informed Defendant's employee that charging the pet fee was illegal. Plaintiff even emailed the manager on duty of the Holiday Inn & Suites, and the manager confirmed that it was their policy to charge the "pet fee" for customers travelling with a service animal. The manager confirmed despite knowing that T.S.'s dog was a working service animal.

15. When Plaintiff and T.S. went to check in on October 8, 2022, Defendant again informed Plaintiff that she would need to pay a $75 pet fee for T.S.'s service animal.

16. Plaintiff calmly informed the employees that the "pet" was actually a working service animal, and that it was against the law to charge a "pet fee" for the service animal. It did not matter. Defendant insisted on charging the $75 fee.

17. Plaintiff reluctantly paid, under protest, the $75 pet fee to the Holiday Inn & Suites because Plaintiff had already booked the room online before travelling. Defendant had made it clear that it was their company policy to charge the pet fee to all patrons utilizing service animals.

18. Plaintiff and T.S. left the next day. Defendant did <u>not</u> refund the $75 fee when they checked out.

19. T.S. and Plaintiff would like to return in the future after the Defendant ceases its discriminatory conduct and has taken steps to prevent the same incident, which should include changes to its policies and appropriate training of its employees/agents.

20. Plaintiff and T.S. were in San Mateo to officiate a volleyball tournament. Plaintiff and T.S. often travel to San Mateo for these tournaments and they anticipate returning again in the future.

## **FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

21. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

22. Title III of the ADA bans disability discrimination against an individual in places of public accommodation. The ADA states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to),

or operates a place of public accommodation."

23. The Holiday Inn & Suites is a public accommodation.

24. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

25. Defendant has a policy that restricts and denies access to T.S. and patrons like T.S..

26. Defendant's conduct knowingly and willfully excluded T.S. from equal access to the public accommodation that the general public is invited.

27. As a result of Defendant's conduct, denying T.S. equal access to the Holiday Inn & Suites, T.S. faces continuing discrimination. T.S. continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should T.S. attempt to return to the Holiday Inn & Suites.

28. It is readily achievable for Defendant to provide T.S. and other disabled people like T.S. full and equal access to the Holiday Inn & Suites.

29. Defendant does not have any legitimate business justification to excuse the denial of T.S.'s equal access.

30. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. T.S. is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing T.S. will be subjected to such discrimination each time that T.S. may use the property and premises, or attempt to patronize the Holiday Inn & Suites, in light of Defendant's conduct.

31. Defendant's acts have proximately caused and will continue to cause irreparable injury to T.S. if not enjoined by this Court.

32. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that

deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

**SECOND CAUSE OF ACTION**

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

33. Plaintiff incorporates all prior paragraphs as if fully stated herein.

34. The Holiday Inn & Suites is a public accommodation that Defendant owns and/or operates.

35. Defendant denied and interfered with T.S.'s ability to access the Holiday Inn & Suites.

36. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding T.S. and other members of the public who are disabled from full and equal access to these public facilities. Such acts and omissions are the cause of mental and emotional suffering for T.S..

37. T.S. wishes to return to patronize the Holiday Inn & Suites but is substantially deterred from returning to use these facilities and services, because the lack of access and the significant policy barriers will foreseeably cause T.S. further difficulty, discomfort and embarrassment, and T.S. is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to and use of these public facilities.

38. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

39. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning and operating the Holiday Inn & Suites, T.S. has suffered a violation of civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries.

40. Defendant's actions and omissions to act constitute discrimination against T.S. on the

basis that T.S. was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the facilities on a full and equal basis as other persons.

41. T.S. has been damaged by Defendant's wrongful conduct.

42. At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of the public facilities were, are, and will be disabled persons, and would have need of facilities that complied with California Title 24 and ADA Standards for Accessible Design standards for accessible facilities.

43. Despite this knowledge, Defendant installed and maintained the policy barriers complained of, have failed to remove these unlawful policies, and have failed to provide and maintain properly accessible facilities, including but not limited to those previously noted, as required by state and federal law.

44. T.S. believes Defendant has ignored complaints about the lack of proper disabled access by other disabled persons.

45. Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Holiday Inn & Suites and encounter illegal policy barriers which deny them full and equal access when they do.

46. At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the Holiday Inn & Suites violated disabled access requirements and standards, and would have a discriminatory effect upon T.S. and upon other disabled persons, but Defendant has failed to rectify the violations, and presently continues a course of conduct of maintaining policy barriers that discriminate against T.S. and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

47. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Defendant's behavior was intentional. Plaintiff believes Defendant was aware and/or were made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. Defendant's establishment of their discriminatory policy denying access to disabled persons

to safely have full and equal access to the Holiday Inn & Suites, and their implementation of such a discriminatory policy against T.S., indicate actual and implied malice toward T.S. and conscious disregard for T.S.'s rights.

48. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

49. T.S. suffered damages as described as a result of Defendant's violations. Damages are ongoing. T.S. remains hesitant and apprehensive about returning to the Holiday Inn & Suites. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3, including treble damages.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

50. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

51. As described above, Defendant intentionally discriminated against T.S., denying T.S. full and equal access to the Holiday Inn & Suites.

52. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

53. Defendant's acts and omissions as specified with regard to the discriminatory treatment of T.S., on the basis of T.S.'s disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to T.S.'s right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

54. T.S. was harmed.

55. Defendant's conduct was a substantial factor in causing T.S.'s harm.

56. As a result of the violation of T.S.'s civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a

trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

57. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility policy barriers that relate to T.S.'s disability;

2. Damages including actual damages and at least a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54, Code of Civil Procedure section 1021.5, and/or any other applicable statute, as well as expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: October 31, 2022

Law Office of Rick Morin, PC

*/s/ Rick M*
_____
Richard Morin
Attorney for Plaintiff